AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
**V.**
CARL EDWARD BROWN III
a.k.a. "hoodrichoutside"

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: 3:25-CR-1543-JES-1

Daniel Greene
Defendant's Attorney

**USM Number** 21503506

☐ –

THE DEFENDANT:

☒ pleaded guilty to count One of the Indictment

☐ was found guilty on count(s) ______ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1349; 18:981(a)(1)(C); 28:2461(c) – Conspiracy to Commit Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through **8** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ __________ is dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed.

☐ JVTA Assessment*: $

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ Fine waived ☒ Forfeiture pursuant to order filed 9/11/2026 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Sep 11, 2026
Date of Imposition of Sentence

[signature]
HON. JAMES E. SIMMONS, JR.
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Thirty months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
Placement in the Western Region, specifically as close to the Central District of California as practicable, to facilitate family visitation.
Placement in a facility with Residential Drug Abuse Program (RDAP).

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

- ☐ on or before __________ at 12:00 PM
- ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ on or before __________ at 12:00 PM
- ☐ as notified by the United States Marshal; or
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________________ to ______________________________

at ______________________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Five years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state, or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.
4. The defendant must answer truthfully the questions asked by their probation officer.
5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.
7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.
10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchaku or tasers).
11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.
13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

## RESTITUTION

The defendant shall pay restitution in the amount of **$ 840,812.43** unto the United States of America.

Pay restitution in the amount of **$ 840,812.43** through the Clerk, US District Court. Restitution shall be joint and several with all co-schemers ordered to pay restitution for the same losses, and shall be forthwith. Defendant shall forward all restitution and fine payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

During any period of incarceration, the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the restitution during their supervised release at the rate of **$1,000.00** per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

Restitution is to be paid to the following victims, and distribution is to be made on a pro rata basis:

| Victim | Address | Amount |
|---|---|---|
| "Victim 1"<br>Mazzella Family Living Trust | 1085 Placer Circle<br>Prescott, Arizona 86303 | $25,000.00 |
| "Victim 2"<br>Brandi Thigpen | 136 S Emerson Avenue<br>Indianapolis, Indiana 46219 | $39,000.00 |
| "Victim 3"<br>Benjamin Heath or Corine Heath | 15243 SE Chelsea Morning Drive<br>Happy Valley, Oregon 97086 | $47,000.00 |
| "Victim 4"<br>Arrow Towing LLC | 300 E Bonita Avenue #3321<br>San Dimas, California 91773 | $44,020.79 |
| "Victim 5"<br>Amy E. Elkins | 8335 W Sunset Blvd., Ste. 200<br>Losa Angeles, California 90069 | $32,760.00 |
| "Victim 6"<br>Department of Treasury | 333 West Pershing Road,<br>DOJ/Criminal Restitution Mail Stop 6261 P-6<br>Kansas City, Missouri 64108 | $45,974.83 |
| "Victim 7"<br>Kelly Wearstler LLLP | 760 N. La Cienega Blvd.<br>Los Angeles, California 90069 | $2,981.39 |

| *Victim* | *Address* | *Amount* |
|---|---|---|
| "Victim 8"<br>USAA Federal Savings Bank | 10750 McDermott Freeway<br>San Antonio, Texas 78288 | $33,904.15 |
| "Victim 9"<br>Nadia Von Nimitz | 13301 Vista Bonita<br>San Antonio, Texas 78216 | $40,000.00 |
| Reza Ashraf | 2053 Tramore Court<br>Chesterfield, Missouri 63017 | $109,750.00 |
| Bret Sellnow | 191 Pondview Dr., Apt. 4<br>Johnson Creek, Wisconsin 53038 | $9,525.20 |
| Rebecca Lewis | 6912 Homing Pigeon Pl.<br>N. Las Vegas, Nevada 89084 | $6,037.50 |
| JPMorgan Chase Bank | 1414 Woodward Ave.<br>Mail Code LA2-7100<br>Ruston, Louisiana 71270 | $7,478.89 |
| Church of St. Thomas Aquinas | 1900 Crotona Pkwy<br>Bronx, New York 10460 | $42,000.00 |
| Eltonalan Incorporated –<br>(Michael Holcomb) | 4463 Harbour North Court<br>Jacksonville, Florida 32225 | $110,654.28 |
| Susan L. Tyler | 12219 Sandal Lane<br>Los Angeles, California | $5,069.32 |
| Alizia Schrager | 9440 Eden Dr<br>Beverly Hills, California 90210 | $5,077.08 |
| James D. Heatherington | 5117 Jensen Rd.<br>Castro Valley, California 94552 | $90,000.00 |
| Harrison E. Perley | 1743 1st Ave., Apt. 5C<br>New York, New York 10128 | $47,000.00 |
| Wells Fargo Bank | 333 Market Street<br>San Francisco, California 94105 | |

Victim 1: Sentencing is pending for co-schemer Jayson Elijah Black, charged in case number 3:25-cr-4827-JES.

Victim 2: Defendant shall pay the restitution to Victim 2 for $39,000 jointly and severally with co-schemers Nicolas Rico Leron Carter, charged in case number 3:26-cr-1232-JES, and Syrriah Ikea Gonzeal, charged in case number 3:26-cr-1767-JES. Sentencing is pending for another co-schemer, Jayson Elijah Black, charged in case number 3:25-cr-4827-JES.

Victim 3: Defendant shall pay the restitution to Victim 3 for $47,000 jointly and severally with co-schemer Syrriah Ikea Gonzeal, charged in case number 3:26-cr-1767-JES. Sentencing is pending for another co-schemer, Jayson Elijah Black, charged in case number 3:25-cr-4827-JES.

Victim 4: Sentencing is pending for co-schemer Jayson Elijah Black, charged in case number 3:25-cr-4827-JES.

Victim 5: Defendant shall pay the restitution to Victim 5 for $32,760.00 jointly and severally with co-schemer Charles Lynch, charged in case number 3:25-cr-1544-JES.

Victim 6: Defendant shall pay the restitution to Victim 6 for $45,974.83 jointly and severally with co-schemer Charles Lynch, charged in case number 3:25-cr-1544-JES, for which an Amended Judgment will be issued.

Victim 7: Defendant shall pay the restitution to Victim 7 for $2,981.39 jointly and severally with co-schemer Charles Lynch, charged in case number 3:25-cr-1544-JES.

Victim 8: Defendant shall pay the restitution to Victim 8 for $33,904.15 jointly and severally with co-schemer Charles Lynch, charged in case number 3:25-cr-1544-JES, for which an Amended Judgment will be issued.

Victim 9: Defendant shall pay the restitution to Victim 9 for $40,000 jointly and severally with co-schemer Syrriah Ikea Gonzeal, charged in case number 3:26-cr-1767-JES.

Defendant is solely liable to pay restitution to the remaining victims.

Until restitution has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

//